UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WORKING DIRT LLC,**<br><br>　　　　Plaintiff(s),<br><br>　　vs.<br><br>**JAMES K. KEETON,**<br><br>　　　　Defendant(s). | Case No.: 13-CV-00429 YGR<br><br>**ORDER GRANTING MOTION TO REMAND;<br>AND REMANDING ACTION** |

This case was removed from the Superior Court for the County of San Mateo where it was pending as an unlawful detainer action against *pro se* Defendant James K. Keeton ("Defendant"). On January 30, 2013, at the same time that Defendant filed his "Notice of Removal," (Dkt. No. 1), he also filed a lawsuit seeking to set aside the non-judicial foreclosure sale of his residence, *Keeton v. American Home Mortgage Services, Inc., T.D. Services, and Working Dirt LLC*, 13-CV-00428-LB. Defendant removed this action pursuant to 28 U.S.C. § 1441 and 1446, apparently invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331, on the basis that the facts and claims in *Keeton v. American Home Mortgage Services, Inc.*, 13-CV-00428-LB and this case form part of the same case of controversy and that the two cases should be consolidated. (Notice of Removal at ¶ 2.)

Plaintiff Working Dirt LLC ("Plaintiff") has filed a motion to remand on the grounds that Defendant has failed to establish the existence of federal question jurisdiction or any other basis for federal jurisdiction. Defendant has filed an opposition to the motion reasserting the basis for removal that he raised in his Notice of Removal.

Having carefully considered the papers submitted and the pleadings in this action, the Court **GRANTS** the motion for remand because no federal question is presented in this action.[1] The

---

[1] *If appropriate*: Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for March 19, 2013.

complaint asserts only one state law claim for unlawful detainer.  Thus, there is no federal question. A defendant's counterclaims or separate lawsuit asserting a federal question, whether filed in federal or state court, cannot give rise to federal question jurisdiction under 28 U.S.C. § 1331.  *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) (under the "well-pleaded complaint" rule, a case may not be removed on the basis of a federal defense).

In addition, the amount in controversy does not meet the jurisdictional threshold of $75,000.00 for diversity jurisdiction; nor has Defendant established that there is diversity of citizenship between the parties.

Accordingly, Plaintiff's Motion to Remand is **GRANTED**.

Plaintiff's Administrative Motion to Shorten Time on the Motion to Remand is **DENIED AS MOOT**.

The Clerk of the Court is **DIRECTED** to **REMAND** this action to the San Mateo County Superior Court.

This Order terminates Docket Numbers 7 & 10.

**IT IS SO ORDERED.**

Date: March 14, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**